UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDICAL SERVICES OF MANHATTAN PLLC,

Plaintiff,

-against-

CIGNA HEALTH AND LIFE INSURANCE COMPANY, CONNECTICUT GENERAL LIFE INSURANCE COMPANY,

Defendants.

26-CV-9622 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

In this insurance dispute, Plaintiff Medical Services of Manhattan ("MSOM") moves for an emergency temporary restraining order ("TRO") directing Defendant Cigna to immediately resume processing claims. However, MSOM does not appear to have complied with Section 9(A) of this Court's Individual Practices. Nor does it adequately explain why emergency relief is warranted here. According to MSOM, Cigna announced the payment hold on June 1, 2026, and began denying claims around June 6. Dkt. 2 at 2–3. Yet MSOM did not file suit until November 3, approximately five months later. *See Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) ("[F]ailure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." (citations omitted)). And while MSOM claims that its practice faces dissolution without immediate relief, it also says that Cigna-administered plans represent only seven percent of MSOM's total annual revenue. Dkt. 2 at 27. MSOM does not explain why that loss of revenue threatens the continued existence of its practice. *See Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d

Cir. 1989) ("A monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation.").

For these reasons, the Court DENIES MSOM's emergency motion for a TRO. After providing notice of its application to Cigna, the parties should—if they can't resolve the issue themselves—propose by letter-motion a schedule for the expedited briefing on the motion for a preliminary injunction. MSOM shall promptly serve a copy of this Order on Cigna and file proof of service on the docket. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 2.

SO ORDERED.

Dated: November 4, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge